IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

TERRANCE A. BARGNARE,
    Plaintiff,

vs.                                                  Case No. 3:10cv44/MCR/EMT

STATE OF FLORIDA,
    Defendant.
_____/

## **ORDER**

    Plaintiff, proceeding pro se, is a prisoner currently held at the Santa Rosa County Jail. He initiated this action by filing what appears to be a civil rights complaint under 42 U.S.C. § 1983 (*see* Doc. 1).

    The court notes that although Plaintiff states he is "insolvent" and asks to have all fees and costs waived (Doc. 1 at 5), he failed to apply for leave to proceed in forma pauperis on the appropriate court-approved forms. Before this matter may proceed, Plaintiff must either pay the filing fee or obtain leave to proceed in forma pauperis by filing a fully and properly completed application and attachments.

    Plaintiff also failed to use the court-approved form for filing his complaint. Local Rule 5.1(J) for the Northern District of Florida states that the court will not accept for consideration a civil action commenced by pro se litigants under 42 U.S.C. § 1983 unless the appropriate complaint form has been properly completed, signed, and filed by the litigant. Thus, Plaintiff must file his complaint on the form for use in § 1983 cases, even if he wishes to attach separate pages explaining the facts that underlie the complaint.

    If Plaintiff wishes to proceed with this action, he must completely fill out a new civil rights complaint form, marking it "Amended Complaint." Plaintiff must limit his allegations to claims related to the same basic incident or issue and name as Defendants only those persons who are

responsible for the alleged constitutional violations. Plaintiff must place their names in the style of the case on the first page of the civil rights complaint form, and include their addresses and employment positions in the "Parties" section of the form. In the statement of facts, Plaintiff should clearly describe how each named Defendant is involved in each alleged constitutional violation, alleging the claims as to each Defendant in separately numbered paragraphs and including specific dates and times of the alleged unconstitutional acts. If Plaintiff cannot state exactly how a particular Defendant harmed him, he should delete or drop that person as a Defendant from his complaint. Plaintiff's request for relief should be limited to only that which he could recover if he succeeds on his claims. Plaintiff is advised that once an amended complaint is filed, all earlier complaints and filings are disregarded. N.D. Fla. Loc. R. 15.1.

Accordingly, it is **ORDERED**:

1. The clerk is directed to send to Plaintiff a civil rights complaint form for use in actions under 42 U.S.C. § 1983 by prisoners and an application to proceed in forma pauperis for use by prisoners. This case number shall be written on the forms.

2. Within **THIRTY (30) DAYS** from the date of docketing of this order, Plaintiff shall either pay the filing fee of $350.00 or submit a fully completed application to proceed in forma pauperis. Additionally within that time, Plaintiff shall file an amended complaint, which shall be typed or clearly written, submitted on the court form, and marked "Amended Complaint."

3. Plaintiff's failure to comply with this order may result in a recommendation of dismissal of this action for failure to comply with an order of the court.

**DONE AND ORDERED** this 11th day of February 2010.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

Case No.: 3:10cv44/MCR/EMT